fUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TRACK TRADING CO. d/b/a EXACO TRADING CO., <br> *Plaintiff* <br><br> v. <br><br> YRC, INC. d/b/a YRC FREIGHT, <br> *Defendant* | § <br> § <br> § <br> § <br> §     CIVIL NO. 1:22-CV-00362-LY <br> § <br> § <br> § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court are Defendant YRC Inc., DBA YRC Freight's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6), filed April 14, 2022 (Dkt. 2); Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and Alternative Motion for Leave to File an Amended Complaint, filed May 5, 2022 (Dkt. 7); and Defendant YRC Inc., DBA YRC Freight's Reply Brief to Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6), filed May 12, 2022 (Dkt. 8). On May 23, 2022, the District Court referred Defendant's Motion to Dismiss to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkt. 9.

## I.    Background

Plaintiff Track Trading Co. d/b/a Exaco Trading Co. ("Exaco"), based in Austin, Texas, distributes "unique imported lawn and garden products, focusing mainly on high-quality European greenhouses, composters and other 'green' products." Dkt. 1-7 (Plaintiff's First Amended Petition) ¶ 5. For 33 consecutive years leading up to 2021, Exaco participated in the National Hardware

Show in Las Vegas, Nevada, leasing booth space, flying employees to Las Vegas, and hiring vendors to build displays. *Id.* ¶ 6. Exaco participated in the hardware show to introduce new products, show products to new and existing customers, and strengthen existing business relationships. *Id.*

For the 2021 hardware show, Exaco contracted with Defendant YRC, Inc. d/b/a YRC Freight ("YRC"), a Delaware corporation, to ship products and assembly equipment to Las Vegas. *Id.* ¶ 7. The parties executed a bill of lading on October 5, 2021. Dkt 1-5 at 8-9. Exaco alleges that it communicated the time-sensitive nature of the shipment during several conversations with YRC. Dkt. 1-7 ¶ 8. The bill of lading states that the shipment was an "Expedited Delivery" and "Time-Critical . . . Deliver by 10/19/21 . . . By 5:00 p.m. or end of business day." *Id.*; Dkt 1-5 at 8.

Exaco alleges that the shipment arrived at the YRC terminal in Las Vegas on October 8, 2021, but YRC failed to locate it until after the hardware show was over, leaving Exaco unable to participate. Dkt. 1-7 ¶¶ 9-10. Exaco further alleges that YRC located the shipment and returned it to Exaco after the show, claiming that, because the shipment was not lost or damaged, YRC owed Exaco no compensation for its losses and expenses. *Id.* ¶ 11.

Exaco filed suit against YRC in state court, asserting claims of (1) negligence, (2) gross negligence, (3) breach of contract, (4) deceptive trade practices, (5) negligent misrepresentation, (6) fraud, and (7) fraudulent inducement. *Track Trading Co. v. YRC, Inc.*, D-1-GN-22-000672 (200th Dist. Ct., Travis Cnty., Tex. Feb. 8, 2022). Exaco seeks monetary relief between $100,000 and $200,000. Dkt. 1-7 ¶ 4. On April 14, 2022, YRC removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1337. Dkt. 1. YRC now moves to dismiss Exaco's claims, arguing that they are preempted by the Carmack Amendment, 49 U.S.C. § 14706.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "'to state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

## III.     Analysis

The Carmack Amendment "establishes the standard for imposing liability on a motor carrier for the actual loss or injury to property transported through interstate commerce." *Heniff Transp. Sys., L.L.C. v. Trimac Transp. Servs., Inc.*, 847 F.3d 187, 189-90 (5th Cir. 2017). The statute, "as judicially interpreted, provides an exclusive remedy for a breach of contract of carriage provided

3

by a bill of lading." *Air Prods. & Chems., Inc. v. Ill. Cent. Gulf R.R.*, 721 F.2d 483, 486 (5th Cir. 1983). The Carmack Amendment generally preempts state law claims arising out of the shipment of goods by interstate carriers:

> The purpose of the Amendment is to establish uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment. The Amendment provides the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier.

*Heniff*, 847 at 190 (cleaned up).

Under the statute, a "motor carrier" is one who provides "motor vehicle transportation for compensation." 49 U.S.C. § 13102(3), (14). The term "transportation" includes "equipment of any kind related to the movement of passengers or property," as well as "services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property." *Id.* § 13102(23). The Amendment states that a shipper may recover the "actual loss or injury to the property" caused by a carrier. *Id.* § 14706(a)(1).

YRC argues that Exaco's claims are preempted under the Carmack Amendment because Exaco contracted with YRC to ship household goods through interstate commerce and Exaco's claims arise from the parties' bill of lading. Exaco does not dispute that YRC is a "motor carrier" or that it shipped goods through interstate commerce; rather, Exaco argues that the Carmack Amendment does not preempt its Texas Deceptive Trade Practices Act ("DTPA"), fraudulent inducement, or negligent misrepresentation claims because those claims are based on misrepresentations YRC made before the parties entered into the bill of lading. Exaco further argues that the statute does not apply because its shipment was not "lost" or "damaged," as required by the statute.

The Court agrees with YRC that Exaco's claims are preempted by the Carmack Amendment.

### A. "Loss" Includes Damages Resulting from Delay

Exaco first argues that the Carmack Amendment does not apply to its claims because they arise out of YRC's failure to deliver goods on time, rather than the loss of or damage to those goods. Precedent precludes this argument.

In *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306 (5th Cir. 1993), the plaintiffs brought state law claims[1] after they were unable to move into their new home in time for the Christmas holidays because their goods were not shipped on time. The Fifth Circuit held that all of plaintiffs' state law claims were preempted. *Id.* at 307.

Similarly, in *Franyutti v. Hidden Valley Moving & Storage, Inc.*, 325 F. Supp. 2d 775 (W.D. Tex. 2004), the plaintiff's state law claims were preempted where the plaintiff alleged that the defendant delivered its goods three days late. The Court construed the term "loss" broadly, to "encompass the complete regulatory scheme envisioned by the Interstate Commerce Act." *Id.* at 777 (W.D. Tex. 2004). Under the statute, a carrier must provide a separate rate for delivery that is not guaranteed as opposed to a rate for guaranteed delivery and must not present false or misleading information about these rates. *Id.* (citing 49 U.S.C. §§ 13704, 13708). Those provisions enabled the plaintiff to bring a cause of action for losses associated with delay of a guaranteed delivery under the Carmack Amendment. *Id.*

As the Fifth Circuit has explained: "The words 'any loss, damage, or injury to such property' . . . are comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." *Air Prods.*

---

[1] Plaintiffs alleged the following claims: (1) tort of outrage, (2) intentional and negligent infliction of emotional distress, (3) breach of contract, (4) breach of implied warranty, (5) breach of express warranty, (6) violation of the Texas Deceptive Trade Practices Act sections 17.46 and 17.50, (7) slander, (8) misrepresentation, (9) fraud, (10) negligence and gross negligence, and (11) violation of defendant's statutory duties as a common carrier under state law.

*& Chems.*, 721 F.2d at 486. Accordingly, the court held that damages available under the Carmack Amendment include "foreseeable damages resulting from misdelivery" of cargo where the misdelivered cargo damaged the plaintiff's storage tank. *Id.* at 485.

> Despite the apparent statutory limitation to recovery of damage caused to the property itself transported, the Supreme Court . . . from its earliest interpretation has consistently construed the Amendment as likewise imposing liability upon the carrier for all reasonably foreseeable consequential damages resulting from a breach of the contract of carriage, including those resulting from nondelivery of the shipped goods as provided by the bill of lading.

*Id.* at 485.

Consistent with this precedent, the term "loss" includes claims for damages that arise out of delayed shipments. Exaco's argument that its claims are not preempted because they arise from the delay of its shipment, rather than its loss or damage, is unpersuasive.

**B. Exaco's State Law Claims Fall Within the Scope of the Carmack Amendment**

Exaco next argues that the Carmack Amendment does not preempt its Texas DTPA, fraudulent inducement, or negligent misrepresentation claims because those claims are based on misrepresentations YRC made before the parties entered into the bill of lading. Exaco relies on *Brown v. Am. Transfer & Storage*, in which the plaintiff argued that "he had been induced into the contract for carriage by [the defendant's] misleading and deceptive representations and because of the misrepresentations he had been damaged." 601 S.W.2d 931, 938 (Tex. 1980). The Texas Supreme Court held that "a DTPA suit for misrepresentation made prior to contract does not fall within the ambit of federal regulations." *Id.* In reaching this conclusion, the court adopted the court of appeals' reasoning, which was that the Carmack Amendment "applied only to the liability of a carrier for its breach of contract," not the Texas DTPA, because the Texas DTPA is "a general statute, which provided remedies for persons victimized by false, misleading and deceptive acts within the police power of the state." *Id.*

6

The Texas Supreme Court's holding in *Brown* has been called into doubt by numerous cases. As stated above, in *Moffit*, 6 F.3d at 306, the Fifth Circuit held that the Carmack Amendment was not limited to breach of contract claims and that the Amendment preempted all of the plaintiffs' claims, which included misrepresentation, fraud, and claims under the Texas DTPA. District courts have repeatedly rejected arguments relying on *Brown*. *See, e.g.*, *St. Pierre v. Ward*, 542 F. Supp. 3d 549, 554 (W.D. Tex. 2021) (rejecting plaintiff's argument that *Brown* controlled the preemption question because "the Court is bound by Fifth Circuit law—not Texas state law"); *Hayes v. Stevens Van Lines, Inc.*, No. 4:14-CV-982-O, 2015 WL 11023794, at *2 (N.D. Tex. Jan. 27, 2015) (rejecting plaintiff's argument under *Brown* that Carmack Amendment does not apply to Texas DTPA claims premised on precontractual representations); *Franyutti*, 325 F. Supp. 2d at 777 n.1 (stating that because *Brown* "occurred prior to many of the Supreme Court and Fifth Circuit opinions relied upon, [its] holding has limited value").

Exaco also cites *Von Der Ahe v. 1-800-Pack-Rat*, LLC, 2022 WL 1018398, at * 6 (N.D. Tex. April 5, 2022). In that opinion, the court held that plaintiffs' Texas DTPA claim was preempted because it arose from the interstate shipment of household goods. *Id.* The court granted plaintiffs leave to amend the claim to include allegations of false, misleading, or deceptive practices occurring before the contract, but subsequently dismissed the amended complaint because the plaintiffs' new claims also were preempted by the Carmack Amendment. *Von Der Ahe v. 1-800-Pack-Rat, LLC*, No. 3:21-CV-2526-B, 2022 WL 3579895, at *3 (N.D. Tex. Aug. 19, 2022). The court reasoned that the allegations, "read in context, refer[ ] to misrepresentations made in the contract(s) at issue or as part of the contracting process—not to separate pre-contractual conduct," and that "no separate injury exists for these allegedly pre-contractual misrepresentations." *Id.* at *2 n.3. The same is true here. Exaco does not allege that YRC made any precontractual

7

misrepresentations other than those regarding the timeliness of the delivery of Exaco's goods, which were part of the contracting process, or that any separate injury resulted from the misrepresentations.

Exaco alleges violations of the Texas DTPA, fraudulent inducement, and negligent misrepresentation. Each of these claims has been found preempted by the Carmack Amendment. *See, e.g.*, *Moffitt*, 6 F.3d at 307 (holding that plaintiff's state law claims, including Texas DTPA, fraud, and negligence claims, were preempted); *Von Der Ahe*, 2022 WL 1018398, at *5 (finding negligent misrepresentation claim preempted); *Williams v. N. Am. Van Lines of Tex., Inc.*, No. A-11-CA-409-SS, 2011 WL 13130888, at *1 (W.D. Tex. Oct. 13, 2011) (finding fraudulent inducement claim preempted).

Because Exaco does not allege any misrepresentations or injuries that do not arise from the shipment of interstate goods, the Carmack Amendment provides the exclusive cause of action regardless when the representations were made. *See Hoskin*, 343 F.3d at 778 (reaffirming that the Amendment "provide[s] the *exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*"). Accordingly, the undersigned Magistrate Judge recommends that Exaco's claims be dismissed.

### IV.   Motion to Amend

In the alternative, Exaco seeks leave to amend its complaint. Courts should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Amendment is futile where it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

While the Court assumes that Exaco would amend its complaint to assert a claim for relief under the Carmack Amendment, it neither directly states this in its Response nor attaches a proposed amended complaint. *See* Dkt. 7 at 7-9. Without a proposed amended complaint, the Court is unable to assess whether amendment is warranted. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to apprise court of facts it would plead in amended complaint to cure any deficiencies); *see also* Local Rule CV-7(b) (requiring that an executed copy of a proposed pleading be filed as an exhibit to a motion for leave). The Court therefore recommends that Exaco's request for leave to amend be denied without prejudice.

## V.     Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant YRC Inc., DBA YRC Freight's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) (Dkt. 2) and dismiss plaintiff's state law claims without prejudice to refiling.

The Court further **RECOMMENDS** that the District Court **DENY** without prejudice Exaco's request for leave to amend its complaint.

## VI.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to

proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 4, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE